Opinion filed April 5, 2018



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00268-CV

_____

## IN THE INTEREST OF A.M. AND A.M., CHILDREN

**On Appeal from the 91st District Court**
**Eastland County, Texas**
**Trial Court Cause No. CV1644120**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother and the father of A.M. and A.M. Both parents filed a notice of appeal. We dismiss in part and affirm in part.

### Mother's Appeal

The mother's court-appointed counsel has filed a motion to withdraw and a supporting brief in which he professionally and conscientiously examines the record and applicable law and concludes that the appeal is frivolous. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable

grounds to be advanced. *See In re Schulman*, 252 S.W.3d 403, 406–08 (Tex. Crim. App. 2008); *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In light of a holding by the Texas Supreme Court, however, an *Anders* motion to withdraw "may be premature" if filed in the court of appeals under the circumstances presented in this case. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). The court in *P.M.* stated that "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *Id.* at 27–28.

The mother's counsel provided her with a copy of the brief, the motion to withdraw, and an explanatory letter. Counsel also informed the mother of her right to review the record and file a pro se response to counsel's brief. In compliance with *Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014), counsel provided the mother with a motion for pro se access to the appellate record. Counsel also notified the mother of her right to pursue a petition for review in the Texas Supreme Court. We conclude that the mother's counsel has satisfied his duties under *Anders*, *Schulman*, and *Kelly*.

We note that the mother has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record in this cause, and we agree that the mother's appeal is without merit and should be dismissed. *See Schulman*, 252 S.W.3d at 409. However, in light of *P.M.*, we deny the motion to withdraw that was filed by the mother's court-appointed counsel. *See P.M.*, 520 S.W.3d at 27.

Counsel's motion to withdraw is denied, and the appeal is dismissed as to the mother only.

## Father's Appeal

In two issues on appeal, the father challenges the sufficiency of the evidence to support the trial court's findings in support of the termination of his parental rights. Termination of parental rights must be supported by clear and convincing evidence.

TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2017). To determine on appeal if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. FAM. § 161.001(b).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

In this case, the trial court found that the father had committed four of the acts listed in Section 161.001(b)(1)—those found in subsections (D), (E), (N), and (O). Specifically, the trial court found that the father had knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endangered the children's physical or emotional well-being; that the father had engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the children's physical or emotional well-being; that the father had constructively abandoned the children; and that the father had failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of the children, who had been in the managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the children's removal from the parents for abuse or neglect. The trial court also found, pursuant to Section 161.001(b)(2), that termination of the father's parental rights would be in the best interest of the children.

In his first issue, the father challenges the legal and factual sufficiency of the evidence with respect to the trial court's findings under subsections (D), (E), (N), and (O). We need only find that the evidence is legally and factually sufficient to support one of these four findings.

The record shows that the parents had two children: A.M. (a girl) and A.M. (a boy). At the time of the final hearing, the daughter was five years old and the son was almost four years old. When the daughter was approximately three years old, the father "stole" her and went to Midland to live. For about a year, he did not tell his parents or the children's mother where he and the daughter were. While living in Midland with his daughter, the father exposed the daughter to a life based on his "poor choices," which included the father's methamphetamine use and a lack of food, running water, and electricity in the home. The father was eventually arrested in Midland, and the daughter was returned to the mother. However, because of

4

allegations of drug use and drug sales in the house where the children resided with the mother and also because the mother tested positive for methamphetamine and marihuana, the Department instituted family based safety services but, ultimately, removed both children from the parents.

The last time that the father saw his son, the son was six months old. The father did not call or visit the children while this case was pending—not even when he was out of jail and the children were living with the father's parents. The father did nothing to comply with the court-ordered family service plan. The father, like the mother, has a methamphetamine addiction. The father admitted to the family based safety services worker that he and the mother had sold drugs out of their home when they lived together. The children's paternal grandmother testified about the father's poor choices and drug use. During the pendency of this case, the father was incarcerated for four to six months. At the time of the final hearing, he was in a court-ordered residential treatment center, with a projected release date six to nine months away.

The Department's goal for the children was termination of the parents' rights and adoption by the foster parents. The paternal grandmother testified that it would be in the children's best interest to terminate the father's parental rights. The conservatorship caseworker and the foster mother also believed that it would be in the children's best interest to terminate the father's parental rights. By all accounts, the children had bonded with the foster parents, were happy with them, and had a wonderful relationship with them. The paternal grandmother testified that the foster parents were providing an excellent home for the children and that they were meeting her grandson's special medical needs.

The record contains clear and convincing evidence to support the trial court's findings under subsections (D), (E), (N), and (O) of Section 161.001(b)(1). The evidence was uncontroverted that the father failed to comply with the provisions of

his court-ordered service plan, that he exposed his daughter to deplorable living conditions, that he did not maintain any contact with the children while this case was pending, that he could not provide a safe environment for the children, and that he had engaged in conduct that endangered his children's physical or emotional well-being. We note that, under subsection (E), the offending conduct does not need to be directed at the child, nor does the child actually have to suffer an injury. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009). We overrule the father's first issue.

In his second issue, the father challenges the sufficiency of the evidence to support the trial court's finding that termination of his parental rights was in the children's best interest. Based upon the *Holley* factors and the evidence in the record, as set forth above, we cannot hold that the trial court's best interest finding is not supported by clear and convincing evidence. *See Holley*, 544 S.W.2d at 371–72. The trial court could reasonably have formed a firm belief or conviction that it would be in each child's best interest for the father's parental rights to be terminated. We hold that the evidence is both legally and factually sufficient to support the trial court's best interest finding. The father's second issue is overruled.

### This Court's Ruling

We dismiss this appeal as to the mother, and we affirm the trial court's order of termination.

PER CURIAM

April 5, 2018

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[1]

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.